# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DARCI FORRESTER and )
KEITH FORRESTER, individually; )
C.F., a minor child, by and )
through his parents and next )
friends, Darci Forrester and )
Keith Forrester, )
                           )
        Plaintiffs, )
                           )
v. ) Case No. CIV-16-131-KEW
                           )
INDEPENDENT SCHOOL DISTRICT )
NO. 19 OF CARTER COUNTY, )
STATE OF OKLAHOMA, a/k/a )
Ardmore City Schools, )
a political subdivision, )
                           )
        Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Partial Motion to Dismiss (Docket Entry #14). Plaintiffs Darci and Keith Forrester ("Parents"), the parents of the minor child, C.F., initiated this action on April 11, 2016 bringing claims both individually and on behalf of their child. C.F. is autistic and has severe receptive expressive language disorder and attends Defendant. Parents allege C.F. was secluded by employees of Defendant by locking him in a closet without notifying them. C.F. utilizes a tablet device known as a Talker while he is in school which assists in his communication. Parents set this device to record events attended by C.F. during school so they could investigate the treatment of their child. Parents allegedly learned from the recordings that C.F. was isolated in a "sensory room" at Defendant and he was subjected to derogatory comments from

Defendant's personnel.

Parents retained an attorney and, thereafter, allege Darci Forrester was prohibited from entering the school building without an escort. Parents also allege Defendant employed an incompetent teacher to attend their child who had a criminal conviction and whose teaching license was suspended by the State of Oklahoma.

Parents contend Defendant's superintendent and assistant superintendent made a false police report to the Ardmore Police Department regarding the recordings made by C.F.'s Talker device. Parents assert the complainants falsely stated they did not learn of the recording until a date later than previously acknowledged.

Parents also filed an administrative due process complaint with the Oklahoma State Department of Education pursuant to the Individuals with Disabilities Act ("IDEA"), seeking redress for the educational harm to C.F. by Defendant. At last notice to this Court, this due process procedure is ongoing.

Parents brought this action asserting several claims – (1) individually and on behalf of C.F. under Section 504 of the Rehabilitation Act of 1972, 29 U.S.C. § 794 ("Section 504); (2) individually and on behalf of C.F. under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); (3) individually under the ADA for retaliation; (4) declaratory judgment requesting a determination that Parents did not violate Title III of the Omnibus Crime Control and Safe Streets Act; and (5) declaratory judgment requesting a determination that Parents did not violate the Oklahoma Security of Communications Act.

Through the pending Motion, Defendant seeks (1) dismissal of Parents' individual claims and on behalf of C.F. under the ADA and Section 504 for the failure to exhaust administrative remedies thereby depriving this Court of subject matter jurisdiction; (2) dismissal of Parents' individual claims because they lack standing to bring such claims under the ADA and Section 504; and (3) even if they do have standing, dismissal of Parents' claim to recover emotional distress damages based on the treatment of C.F.

As an initial matter, this Court has conducted multiple telephonic status conferences with counsel in this case to ascertain the status of the due process proceedings under the IDEA moving forward independently from this action. It is apparent that should that proceedings be concluded, the challenge to subject matter jurisdiction based upon a failure of Parents to exhaust their administrative remedies will effectively be moot. At last notice, the IDEA proceedings continue. As a result, the portion of the Motion addressing the exhaustion issue will be held in abeyance pending notification of the conclusion of the due process proceedings.

As Defendant indicates, the United States Supreme Court established in the case of <u>Winkelman ex rel. Winkelman v. Parma City School Dist.</u>, 550 U.S. 516 (2007) that the IDEA grants parents of children protected by the statute "independent, enforceable rights" and that those rights "which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents'

child." Id. at 533. The court concluded that "[p]arents enjoy rights under the IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf." Id. at 535.

While acknowledging that the Tenth Circuit Court of Appeals has not directly addressed the issue, Defendant urges this Court to limit this expansion of rights to the parents to the IDEA alone and not Section 504 and the ADA. For their part, Parents contend that without the right to bring their claims for Defendant filing a false police report in retaliation for exercising rights under Section 504 and the ADA, they have no remedy under the IDEA since this form of retaliation has no basis in education. Parents also contend they have no source of recovery of damages for the seclusion, mocking, harassment, and isolation in the "sensory room" of their minor child.

With no obviously on point circuit level authority to guide this discussion, this Court turns to our sister district courts. The case of Link ex rel. Link v. Metropolitan Gov't of Nashville and Davidson Co., 2012 WL 4506028 (M.D. Tenn Sept. 28, 2012) provides persuasive reasoning to the issue. In Link, the court rejected the plaintiff's contention that the reasoning in Winkelman should extend to claims brought under Section 504 and the ADA. The fundamental reasoning in Winkelman was a recognized interest of the parents in education of their child in the context of the IDEA's unique statutory scheme. This statutory scheme was at the heart of the extension of parental rights to bring claims under the IDEA. No similar statutory scheme is present under either Section 504 or

4

the ADA to permit someone in Parents' role to bring an independent claim and, therefore, this Court declines to extend the Winkelman reasoning to the claims asserted by Parents in this action.[1]

Parents' argument that they are an "aggrieved person" authorized to bring an individual claim under Section 504 and the ADA is unavailing as their claim is inexorably intertwined with the claims of their child. Without the alleged violations of their child's rights, their claim would not exist. These rights have been represented to be "coterminous" with one another and Section 504 and the ADA do not contemplate such a relationship in their statutory schemes in contrast to the IDEA. *See* Hooker v. Dallas Ind. School Dist., 2010 WL 4025776, at *6 (N.D. Tex. Sept. 13, 2010). The use of the "aggrieved person" language should not be used to open a panoply of rights not otherwise addressed in the statutory scheme of Section 504 and the ADA.

Parents argue that denying them standing to bring these claims leaves them without redress for the allegedly false police report. Numerous claims could be contemplated to provide a vehicle for damages including negligence and intentional infliction of

---

[1] As the Link court cites, numerous courts have declined to extend the holding in Winkelman as well. M.W. ex rel. Williams v. Avilla R – XIII Sch. Dist., 2011 WL 3354933, at *2 (W.D.Mo. Aug.3, 2011) (declining to extend Winkelman to the Rehabilitation Act and ADA because its analysis was too closely rooted to the text and structure of the IDEA); Hooker v. Dallas Indep. Sch. Dist., 2010 WL 4025776, at *6 (N.D.Tex. Sept.13, 2010) ("This court declines to so extend the Winkelman decision because it is too closely tied to the text and structure of the IDEA to apply equally to the ADA and the Rehabilitation Act"); D.A. v. Pleasantville Sch. Dist., 2009 WL 972605, at *8 (D.N.J. Apr.6, 2009) (refusing to extend Winkelman to the ADA and Rehabilitation Act and noting that the Supreme Court's "holding arose from an examination of the overall structure and content of the IDEA").

5

emotional distress, depending upon the precise nature of the facts uncovered.

Defendant also seeks dismissal of the request for a declaratory judgment under the Oklahoma Security in Communications Act, asserting the claim is not permitted under Oklahoma law and is now moot because a state court has ruled that an exemption to the law applied in this case. Parents did not respond to the argument and, therefore, it is deemed confessed.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss (Docket Entry #14) is hereby **GRANTED**. Parents' individual claims brought under Section 504 and the ADA and the declaratory judgment claim implicating the Oklahoma Security of Communications Act are hereby **DISMISSED**.

IT IS FURTHER ORDERED that the portion of this Motion contending that C.F. must exhaust his administrative remedies under Section 504 and the ADA is held in **ABEYANCE** pending further order of the Court.

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE